**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------ x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**EXIDE HOLDINGS, INC.,**                                    :    Case No. 20-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Tax I.D. No. 84-4035504                                      :
------------------------------------------------------------ x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**EXIDE TECHNOLOGIES, LLC,**                                 :    Case No. 20-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Tax I.D. No. 23-0552730                                      :
------------------------------------------------------------ x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**DIXIE METALS COMPANY,**                                    :    Case No. 20-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Tax I.D. No. 75-1440199                                      :
------------------------------------------------------------ x
                                                             :
**In re**                                                    :    **Chapter 11**
                                                             :
**REFINED METALS CORPORATION,**                              :    Case No. 20-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Tax I.D. No. 23-1999311                                      :
------------------------------------------------------------ x

```
------------------------------------------------------------ x
                                                             :
In re                                                        :    Chapter 11
                                                             :
EXIDE DELAWARE LLC,                                          :    Case No. 20-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Tax I.D. No. 51-0389341                                      :
------------------------------------------------------------ x
```

### MOTION OF DEBTORS FOR ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 11 CASES

Exide Holdings, Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**"), respectfully represent as follows in support of this motion (the "**Motion**"):

### Background

1. On the date hereof (the "**Commencement Date**"), the Debtors each commenced with this Court a voluntary case under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee of creditors has been appointed in these chapter 11 cases.

2. The Debtors commenced these chapter 11 cases with the support of an ad hoc group of their secured lenders (the "**Ad Hoc Group**") holding, in the aggregate, approximately (i) 90.11% of the Superpriority Notes, (ii) 87.94% of the Exchange Priority Notes, and (iii) 76.40% of the 2024 First Lien Notes. On May 18, 2020, the Debtors executed a restructuring support agreement (the "**RSA**") with the Ad Hoc Group, pursuant to which the Ad Hoc Group agreed to support a sale of all or substantially all of the Debtors' assets in accordance with the proposed bidding and auction procedures as well as a credit bid transaction for Exide

Holdings Inc.'s European business. To further support the sale strategy contemplated by the RSA, members of the Ad Hoc Group have committed to provide $15 million of debtor-in-possession financing on a senior secured last-out basis that, together with $25 million of first-out debtor-in-possession financing to be provided by Blue Torch Capital, will provide $40 million to help fund these chapter 11 cases (the "**DIP Financing**"). The DIP Financing, together with the use of cash collateral, will provide the Debtors with the necessary liquidity to continue operating their business in the ordinary course while the postpetition marketing and sale process continues.

3.  Additional information regarding the Debtors' business and capital structure and the circumstances leading to the commencement of these chapter 11 cases is set forth in the *Declaration of Roy Messing in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "**Messing Declaration**"), which has been filed with the Court contemporaneously herewith and is incorporated by reference herein.[1]

## Jurisdiction

4.  The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties,

---

[1] Capitalized terms used but not otherwise defined herein shall have the respective meanings ascribed to such terms in the Messing Declaration.

cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Relief Requested

6. By this Motion, pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Local Rule 1015-1, the Debtors request entry of an order directing joint administration of these chapter 11 cases for procedural purposes only.[2]

7. In addition, the Debtors respectfully request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Exide Holdings, Inc., and that these chapter 11 cases be jointly administered under the following consolidated caption:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| | : | |
| **EXIDE HOLDINGS, INC.,** *et al.*, | : | Case No. 20– _____ (\_\_\_) |
| | : | |
| Debtors.[1] | : | (Jointly Administered) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Dixie Metals Company (0199), Refined Metals Corporation (9311), and Exide Delaware LLC (9341). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

8. The Debtors further request the Court's direction that a notation substantially similar to the following language be entered on the docket maintained by the Clerk

---

[2] On June 10, 2013, Exide Technologies, LLC's predecessor in interest commenced a chapter 11 case (the "**Prior Case**") before this court, *In re Exide Technologies*, No. 13-11482 (MFW). The Prior Case is currently pending before the Honorable Mary F. Walrath.

of the Court (other than in the chapter 11 case of Exide Holdings, Inc.) to reflect the joint administration of the Debtors' chapter 11 cases:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Exide Holdings, Inc., *et al.* The docket in Case No. 20-____ (    ) should be consulted for all matters affecting this case.

9. A proposed form of order granting the relief requested herein is annexed hereto as **Exhibit A** (the "**Proposed Order**").

### Relief Requested Should Be Granted

10. There are five (5) Debtors and more than ten thousand (10,000) creditors and other parties in interest in these chapter 11 cases. Joint administration will allow for the efficient and convenient administration of the Debtors' interrelated chapter 11 cases, will yield significant cost savings, and will not prejudice the substantive rights of any party in interest.

11. Bankruptcy Rule 1015(b) provides, in relevant part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). Under section 101(2) of the Bankruptcy Code, the term "affiliate" means:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote;
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent

5

> or more of the outstanding voting securities of the debtor, other than an entity that holds such securities—
>
> > (i) in a fiduciary or agency capacity without sole discretionary power to vote such securities; or
> >
> > (ii) solely to secure a debt, if such entity has not in fact exercised such power to vote . . . .

11 U.S.C. § 101(2). The Debtors are affiliates of one another because Exide Holdings, Inc. owns, either directly or indirectly, 100% of the outstanding equity interests in each of the other Debtors. Accordingly, this Court is authorized to jointly administer these cases for procedural purposes.

12. In addition, Local Rule 1015–1 provides, in relevant part, as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration . . . supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties.

Del. Bankr. L.R. 1015-1. Pursuant to Local Rule 1015-1, the Debtors have filed the Messing Declaration contemporaneously herewith. As set forth in the Messing Declaration, the joint administration of the Debtors' respective estates is warranted and will ease the administrative burden for the Court and parties in interest.

13. Joint administration of these cases will save the Debtors and their estates substantial time and expense because it will remove the need to prepare, replicate, file, and serve duplicative notices, applications, and orders. Furthermore, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The United States Trustee for the District of Delaware and other parties in interest will similarly benefit from joint administration of these chapter 11 cases, sparing them the time and effort of reviewing duplicative pleadings and papers.

14. Moreover, joint administration will not adversely affect creditors' rights because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. As such, any creditor may still file a claim against a particular Debtor or its estate (or against multiple Debtors and their respective estates), intercompany claims among the Debtors will not be affected by the relief requested herein, and the Debtors will maintain separate records of assets and liabilities.

## Notice

15. Notice of this Motion will be provided to (i) the Office of the United States Trustee for the District of Delaware (Attn: Linda J. Casey, Esq.); (ii) the holders of the thirty (30) largest unsecured claims against the Debtors on a consolidated basis; (iii) the Internal Revenue Service; (iv) the United States Attorney's Office for the District of Delaware; (v) attorneys for the Ad Hoc Group, Paul, Weiss, Rifkind, Wharton & Garrison LLP, 1285 Avenue of the Americas, New York, NY 10019 (Attn: Alice Belisle Eaton, Esq. and Robert Britton, Esq.); (vi) attorneys for the Prepetition ABL Agents, Otterbourg P.C., 230 Park Avenue, New York, NY, 10169 (Attn: Daniel F. Fiorillo, Esq., David W. Morse, Esq., and Jonathan N. Helfat, Esq.); (vii) attorneys for the DIP Agents, Gibson, Dunn & Crutcher LLP, 333 South Grand Avenue, Los Angeles, CA 90071 (Attn: Robert A. Klyman, Esq. and Matthew G. Bouslog, Esq.); (viii) attorneys for the Trustee under the Indentures, Arent Fox LLP, 1301 Avenue of the Americas, New York, NY 10019 (Attn: Andrew Silfen, Esq.); (ix) the Banks; and (x) the Environmental Protection Agency and similar state environmental agencies for states in which the Debtors conduct business (collectively, the "**Notice Parties**"). Notice of this Motion and any order entered in respect hereof will be served in accordance with Local Rule 9013-1(m).

16. The Debtors respectfully submit that no further notice is required. No previous request for the relief sought herein has been made by the Debtors to this or any other Court.

WHEREFORE the Debtors respectfully request entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: May 19, 2020
      Wilmington, Delaware

                                   */s/ Zachary I. Shapiro*
                                   RICHARDS, LAYTON & FINGER, P.A.
                                   Daniel J. DeFranceschi (No. 2732)
                                   Zachary I. Shapiro (No. 5103)
                                   Brendan J. Schlauch (No. 6115)
                                   One Rodney Square
                                   920 N. King Street
                                   Wilmington, Delaware 19801
                                   Telephone: (302) 651-7700
                                   Facsimile:  (302) 651-7701

                                   -and-

                                   WEIL, GOTSHAL & MANGES LLP
                                   Ray C. Schrock, P.C. (*pro hac vice* pending)
                                   Jacqueline Marcus (*pro hac vice* pending)
                                   Sunny Singh (*pro hac vice* pending)
                                   767 Fifth Avenue
                                   New York, New York  10153
                                   Telephone:  (212) 310-8000
                                   Facsimile: (212) 310-8007

                                   *Proposed Attorneys for Debtors*
                                   *and Debtors in Possession*

**Exhibit A**

**Proposed Order**

Case 20-11157    Doc 2    Filed 05/19/20    Page 9 of 13

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------- x : | | |
| **In re** | : : | **Chapter 11** |
| **EXIDE HOLDINGS, INC.,** | : : | **Case No. 20-[_____] (___)** |
| Debtor. | : : : | |
| Tax I.D. No. 84-4035504 | : | |
| ------------------------------------------------------- x : | | |
| **In re** | : : | **Chapter 11** |
| **EXIDE TECHNOLOGIES, LLC,** | : : | **Case No. 20-[_____] (___)** |
| Debtor. | : : : | |
| Tax I.D. No. 23-0552730 | : | |
| ------------------------------------------------------- x : | | |
| **In re** | : : | **Chapter 11** |
| **DIXIE METALS COMPANY,** | : : | **Case No. 20-[_____] (___)** |
| Debtor. | : : : | |
| Tax I.D. No. 75-1440199 | : | |
| ------------------------------------------------------- x : | | |
| **In re** | : : | **Chapter 11** |
| **REFINED METALS CORPORATION,** | : : | **Case No. 20-[_____] (___)** |
| Debtor. | : : : | |
| Tax I.D. No. 23-1999311 | : | |
| ------------------------------------------------------- x | | |

```
------------------------------------------------------------ x
                                                             :
In re                                                        :   Chapter 11
                                                             :
EXIDE DELAWARE LLC,                                          :   Case No. 20-[_____] (___)
                                                             :
         Debtor.                                             :
                                                             :
Tax I.D. No. 51-0389341                                      :
------------------------------------------------------------ x
```

## ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES

Upon the motion, dated May 19, 2020 (the "**Motion**")[1] of Exide Holdings, Inc. and its above-captioned debtor affiliates, as debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "**Debtors**") for entry of an order pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 directing joint administration of their chapter 11 cases, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the Notice Parties; and such notice having been adequate and appropriate under the circumstances, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion and the Messing Declaration filed contemporaneously with the Motion; and a hearing having been held on May __, 2020; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

2

herein; and it appearing that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and upon all of the proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted to the extent set forth herein.

2. The above-captioned chapter 11 cases are consolidated for procedural purposes only and shall be jointly administered by the Court under Case No. 20-_____ (  ).

3. Nothing contained in this Order shall be deemed or construed as directing or otherwise affecting the substantive consolidation of any of the above-captioned cases, the Debtors, or the Debtors' estates.

4. The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

```
------------------------------------------------------------ x
In re                                  :   Chapter 11
                                       :
EXIDE HOLDINGS, INC., et al.,          :   Case No. 20– _____ (___)
                                       :
                                       :
         Debtors. 1                    :   (Jointly Administered)
------------------------------------------------------------ x
```

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Dixie Metals Company (0199), Refined Metals Corporation (9311), and Exide Delaware LLC (9341). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

5. A docket entry shall be made in each of the above-captioned cases (other than in the chapter 11 case of Exide Holdings, Inc.) substantially as follows:

> An order has been entered in this case directing the procedural consolidation and joint administration of the chapter 11 cases of Exide Holdings, Inc., *et al.* The docket in Case No. 20-_____ ( ) should be consulted for all matters affecting this case.

3

4

6. The Debtors are authorized to take all actions necessary or appropriate to carry out the relief granted in this Order.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.