**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

------------------------------------------------------------- x
                                                              :
In re                                                         :    Chapter 11
                                                              :
**EXIDE HOLDINGS, INC.,** *et al.*,                           :    Case No. 20-11157 (CSS)
                                                              :
Debtors.[1]                                                   :    (Joint Administration Requested)
                                                              :
------------------------------------------------------------- x

**DECLARATION OF PAUL R. GENENDER IN SUPPORT OF
MOTION OF DEBTORS FOR AUTHORIZATION TO (I) IMPLEMENT
MANDATORY SETTLEMENT PROCEDURES FOR NON-PERFORMING
PROPERTIES AND (II) ABANDON SUCH PROPERTIES, IF NECESSARY**

I, Paul R. Genender, under penalty of perjury, declare as follows:

1. I am a partner at the law firm of Weil, Gotshal & Manges LLP, which represents Exide Holdings, Inc. and its debtor affiliates as debtors and debtors in possession in the above-captioned chapter 11 cases. Except as otherwise noted, I have personal knowledge of the matters set forth herein, and if called and sworn as a witness, I could and would testify competently thereto.

2. This Declaration is made in support of the *Motion of Debtors for Authorization to (I) Implement Mandatory Settlement Procedures for Non-Performing Properties and (II) Abandon Such Properties, If Necessary*, which was filed contemporaneously herewith (the "**Motion**"). By the Motion, the Debtors propose that Joseph J. Farnan, Jr. and John S. DeGroote serve as mediators for all settlement discussions with the Agencies[2] that proceed to the Mediation Stage.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

RLF1 23450638v.1

3. A true and correct copy of Joseph J. Farnan Jr.'s curriculum vitae is annexed hereto as **Exhibit A**. As set forth in Exhibit A, Mr. Farnan served as a United States District Judge for the District of Delaware from 1985 to 2010. He served as Chief Judge from 1997 to 2001. During his tenure, Mr. Farnan presided over hundreds of trials, including in complex commercial disputes. Among other notable cases, Mr. Farnan presided over the multidistrict litigation *In re Intel Corp. Microprocessor Antitrust Lit.*, MDL Docket No. 05-1717-JJF (D. Del.), one of the largest antitrust cases in United States history; and *Tracinda Corp. v. DaimlerChrysler AG*, No. CIV.A. 00-993-JJF (D. Del.), which concerned the validity of the merger between Chrysler and Daimler-Benz. Judge Farnan also presided over matters, including bankruptcy proceedings, that involved substantial environmental issues. Such matters included *In re Fansteel, Inc.*, No. 02-10109 (JJF) (Bankr. D. Del. 2002), in which the debtors operated a special metals plant that processed radioactive materials subject to federal and state environmental regulation.

4. Since returning to private practice, Mr. Farnan has served as a mediator and arbitrator in numerous complex disputes. His practice includes commercial matters, chapter 11 bankruptcy proceedings, and matters involving environmental issues. Mr. Farnan served as the mediator, and later as the arbitrator, in the dispute between the Los Angeles Dodgers and Major League Baseball arising from the former's chapter 11 proceeding, *In re Los Angeles Dodgers LLC*, No. 11-12010 (KG) (Bankr. D. Del.). Mr. Farnan also served as a mediator in the bankruptcy proceedings of the hotel and casino corporation Caesars Entertainment, *In re Caesars Entertainment Operating Company, Inc.*, No. 15-01145 (ABG) (Bankr. N.D. Ill.), and the multinational telecommunications company Nortel, *In re Nortel Networks Inc.*, No. 09-10138 (KG) (Bankr. D. Del.).

5. Prior to his appointment to the federal bench, Mr. Farnan held several positions in government, including United States Attorney for the District of Delaware from 1981 to 1985.

6. Mr. Farnan's standard engagement letter, setting forth his hourly rates, is annexed hereto as **Exhibit B**.

7. True and correct copies of two versions of John S. DeGroote's curriculum vitae are annexed hereto as **Exhibit C**. As set forth in Exhibit C, Mr. DeGroote has served as a mediator and arbitrator in complex business disputes, including in bankruptcy and business-dissolution matters, since 2013. Mr. DeGroote has relevant and broad experience which he brings to his mediation practice. He has relevant experience with environmental matters. Before founding his mediation firm, DeGroote Partners, LLC, Mr. DeGroote served as the lead settlement negotiator in hundreds of cases, mediating and negotiating settlements on behalf of corporate and individual clients in more than 20 states. Mr. DeGroote has served as a Chief Restructuring Officer to multiple companies winding down their operations. Mr. DeGroote also currently serves as the settlement administrator for the dispute settlement fund arising from the bankruptcy proceedings of aerospace manufacturing company Hawker Beechcraft, *In re Hawker Beechcraft, Inc.*, No. 12-11873 (SMB) (Bankr. S.D.N.Y.).

8. From 2000 to 2008, Mr. DeGroote served as chief litigation counsel to KPMG Consulting, LLC/BearingPoint, Inc., a $3-billion global consulting firm with approximately 17,000 employees. Mr. DeGroote later became the company's chief legal officer and eventually its president. When the company began winding down its global operations in 2009, Mr. DeGroote was selected by the company's board of directors, and approved by the United States Bankruptcy Court for the Southern District of New York, to serve as the Liquidating Trustee. Before he

worked as in house counsel, Mr. DeGroote started his legal career as a commercial litigator with two Texas based firms.

9. Mr. DeGroote's standard engagement letter, setting forth his hourly rates, is annexed hereto as **Exhibit D**.

10. Furthermore, Mr. Farnan and Mr. DeGroote are experienced mediators with the requisite neutrality and impartiality.[3] Mr. Farnan and Mr. DeGroote have both reviewed the list of Agencies set forth in Exhibit C to the Motion, and they have indicated they are unaware of any relationship with any of those Agencies or the Debtors that would present a disqualifying conflict of interest. Finally, Mr. Farnan and Mr. DeGroote are both "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code with respect to the matters upon which they are to be engaged.

---

[3] Mr. Farnan is currently serving as the Liquidating Trustee for the Maxus Liquidating Trust, which is pursuing civil actions against Repsol S.A., and certain of its affiliates, including Greenstone Assurance, Ltd. Weil represents Repsol S.A. and Greenstone Assurance, Ltd. in those actions. Mark D. Collins, a director at Richards, Layton & Finger, P.A. ("**RL&F**"), is chairman of the Maxus Liquidating Trust Oversight Committee, which has certain oversight responsibilities over Mr. Farnan in his capacity as Liquidating Trustee. Mr. Collins has not had, and will not have, any involvement with any matters involving any settlement discussions with the Agencies or the Mediation Stage, including any discussions with Mr. Farnan regarding any such matters. In addition, Mr. Farnan's daughter, Kelly E. Farnan, is a director at RL&F. Ms. Farnan has not had, and will not have, any involvement with the Debtors or these chapter 11 cases, including any settlement discussions with the Agencies or the Mediation Stage.

When Mr. DeGroote served as Executive Vice President and General Counsel to BearingPoint, Inc., from late 2008 through its chapter 11 filing in early 2009 and for some time thereafter, Weil, Gotshal & Manges LLP served as debtor's counsel prior to the company's filing through its emergence from bankruptcy in late 2009, when the BearingPoint, Inc. Liquidating Trust (the "**Trust**") was formed. In late 2009, the Trust, for which Mr. DeGroote served as Trustee, retained another firm (Bingham) to serve as its primary litigation counsel, with Weil representing the Trust in claims resolution and legacy matters for several more years and on Trust administration filings until 2018 when the Trust terminated. During and prior to 2008 Weil served as one of BearingPoint's outside counsel, and Mr. DeGroote worked with the firm on one litigation matter and on insurance coverage issues. Mr. DeGroote requested that this information be disclosed and has stated that it does not in any way influence his neutrality to serve as mediator in connection with the Motion.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge and belief.

Executed on <u>May 19, 2020</u>

                                            */s/ Paul R. Genender*
                                            Paul R. Genender
                                            Partner
                                            Weil, Gotshal & Manges LLP
                                            200 Crescent Court, Suite 300
                                            Dallas, Texas 75201-6950