**Exhibit A**

**Joseph J. Farnan, Jr.
Curriculum Vitae**

## JOSEPH J. FARNAN, JR.

## CURRICULUM VITAE

**Education:**

| | |
|---|---|
| 1967 | King's College, B.A., Political Science |
| 1970 | University of Toledo College of Law, J.D. |

**Professional Career:**

      Mr. Farnan served as a United States District Judge for the District of Delaware from 1985 to 2010. He served as Chief Judge from 1997-2001. During his tenure, Mr. Farnan presided over numerous of bench and jury trials involving complex commercial disputes. Prior to his appointment to the federal bench, Mr. Farnan was appointed to several positions in local, state, and the federal government returning to private practice in 2010 with the formation of Farnan LLP. Following is a summary of Mr. Farnan's experience:

- Farnan LLP (2010 - Present)

    - Practice focuses on complex commercial matters, including Chapter 11 proceedings, securities litigation, antitrust litigation, and patent ligation. Additionally, selectively serves as an arbitrator/mediator/independent director/trustee of businesses contemplating or filing Chapter 11 bankruptcy.
    - Selected by parties to arbitrate and mediate high value commercial disputes on a confidential basis
    - Currently serves as the court-appointed Independent Director of the Debtors in the Zohar Funds bankruptcy in Delaware
    - Currently serves as court-appointed Legacy Trustee in Takata bankruptcy in Delaware
    - Currently serves as court-appointed Trustee in Maxus Energy bankruptcy in Delaware
    - Served as the Liquidation Agent in the White Eagle Asset Portfolio bankruptcy in Delaware
    - Served as the Independent Director and Member of the Audit Committee of Central European Distribution Corp. (Russian Standard Vodka) when it filed a pre-packaged Chapter 11 in Delaware
    - Served as the Independent Director of Norcold Inc. after a class action was instituted in the Central District of California for the manufacture of defective refrigeration units.

- Served as the Independent Director of Synergy Pharmaceuticals Inc. during its bankruptcy in the Southern District of New York
- Served as the Independent Director of CTD Holdings, Inc., a clinical stage biotechnology company that develops and commercializes cyclodextrin based products for the treatment of diseases with unmet medical need
- Mediated and settled the Nortel bankruptcy distribution dispute in Delaware
- Mediated/settled and later arbitrated the MLB and LA Dodgers dispute in the Chapter 11 Bankruptcy in Delaware
- Currently serves as Chairman of the Wilmington University Board of Trustees and a member of the Board's Finance and Audit Committee for many years

- United States District Court Judge (1985-2010)

    - 25 years of active service, including a term as Chief Judge
    - as Chief Judge withdrew the automatic reference of all Chapter 11 cases for five (5) years (1997-2001) and presided over first-day motion hearings and numerous mega Chapter 11 cases
    - presided over and decided hundreds of complex business disputes including antitrust, intellectual property, and securities
    - throughout tenure on bench, presided over cases involving SEC disclosures dating back to 1985 Revlon/Pantry Pride

- United States Attorney for the District of Delaware (1981-1985)

    - led the investigation of the first RICO case filed in the District of Delaware
    - investigated, prosecuted, and tried white-collar crime cases, including bank fraud, large amount employee embezzlements, extortion and commercial bribery

- Chief Deputy Attorney General (1979-1981)

    - led the investigation and enforcement action against national securities firm (First Jersey Securities)
    - appointed by Governor to lead major two year investigation of corruption and criminal activity in the State Department of Corrections resulting in the conviction of officers, supervisors and removal of the Commissioner

2

- initiated and supervised the investigation and prosecution of hundreds of health care and welfare fraud cases under a federal model grant. As a result, selected to evaluate similar grants in other jurisdictions.
- Investigated and prosecuted in cooperation with the U.S. Department of Justice major U.S. organized crime case resulting in the conviction of union and business leaders, including President and officers of local Teamsters Union.

- County Attorney for New Castle County (1976-1979)

    - appointed by County Executive and confirmed by County Council supervised and managed all attorneys employed by New Castle County
    - issued legal opinions/advice to county officials and departments
    - responsible for litigation matters filed by and against New Castle County, its officials and employees

- Assistant Public Defender (1972-1975)

    - tried numerous felony cases

- Private Practice (1972-1976)

    - practice concentrated on personal injury and real estate

- Wilmington University, Director of Criminal Justice Program (1970-1972)

    - established and directed the four year Criminal Justice Degree Program

**Representative Civil Cases Presided Over by Judge Farnan:**

In re Intel Corp Microprocessor Antitrust Litigation
- Litigation involving antitrust claims asserted against Intel by major competitor

Coca-Cola Bottling Co. of Shreveport v. Coca-Cola Co.
- Bench trial concerning formulation and pricing of Diet Coke

Tracinda Corp. v. DaimlerChrysler AG
- Bench trial involving validity of merger between Chrysler and Diamler-Benz AG

3

Pfizer, Inc. v. Ranbaxy Laboratories, Ltd.
- Bench trial in ANDA case involving the $12 billion a year cholesterol reducing drug Lipitor®

In re Rosuvastatin Calcium Patent Litigation
- Bench trial in ANDA action challenging patents for Crestor®

Lucent Technologies, Inc. v. Extreme Networks, Inc.
- Litigation involving infringement and validity claims concerning patents for data-networking technologies

Power Integrations, Inc. v. Fairchild Semiconductor International, Inc.
- Litigation involving patents covering semi-conductor technology

In re Rickel Home Centers, Inc.
- Presided over Chapter 11 bankruptcy proceedings

4

( DATE )

**VIA E-MAIL**

(Attorneys' Names and Firms)

      Re:   (Case and/or Parties) Mediation

Dear Counsel:

      This letter confirms the agreement of the parties in the above case to retain me to mediate their dispute and sets forth the terms and conditions of my retention.  I ask that the attorneys for the parties review this letter with their clients and, if the terms set forth below are acceptable, return a copy of this letter to me signed by Counsel.

      <u>Time and Location.</u>

      <u>Participants</u>.  At least one attorney and one client representative with full settlement authority for each Party will attend the mediation.  Apart from the Parties and their counsel, no one else will be permitted to attend the mediation session without the consent of the Parties and the Mediator.

      <u>Compensation.</u>  The Parties agree to pay me $1150 per hour for preparation and study work, travel, and the mediation session plus reasonable expenses.  All fees and reasonable expenses shall be shared by the Parties equally.  The Parties will be invoiced at the conclusion of the mediation session and all invoices shall be paid within 30 days from the date of receipt.

      <u>My Role</u>.  The Parties agree that I am being retained solely as a mediator to further their settlement efforts and understand I am not acting as an attorney for, or providing legal advice to, any of the Parties.  Thus it is understood that nothing I do or say before, during, or after the mediation shall constitute legal advice and each Party shall rely solely on their respective counsel for legal advice.

      <u>Confidentiality</u>.  The Parties agree that the entire mediation process is confidential and that all oral statements, written submissions, and other writings made during the mediation process are inadmissible and protected from disclosure in litigation and any and all other current or future litigation and proceedings.  Unless otherwise instructed by the Parties, I will destroy all documents in my possession related to this matter within 15 days after the conclusion of the mediation session.

2

      Release of Mediator.  The Parties agree that I will not be liable to the Parties for any act or omission relating to the mediation or my retention as a mediator and expressly release me from any and all liability related to the mediation or my retention as a mediator.

      Subsequent Proceedings.   The Parties agree not to depose, compel testimony, request documents from and/or subpoena me or any of my firm's employees in the pending litigation or any other litigation or proceeding.   In the event any third party makes an effort to obtain testimony or documents from me or any employee of my firm concerning the mediation, the Parties agree to defend me and/or my firm at the Parties' expense.

      Ex Parte Communications.  The Parties agree that I may have *ex parte* communications with any Party before, during, and after the mediation.   Throughout the mediation process, I will not reveal any information that a Party instructs me not to share with any other Party.

      Disclosures.  The Parties, their respective counsel, and I represent that all information relevant and material to my impartiality in this matter has been disclosed and that no one believes a conflict exists.

      Mediation Statement.  Each Party shall on (Date) separately submit a Mediation Statement to me.  The Mediation Statement should not exceed ten (10) pages, single spaced and address the following topics:

1) Relevant Factual Background
2) Summary of Applicable Law
3) Discussion of Strengths and Weaknesses of the Parties' Positions
4) Prior Settlement Efforts, if any
5) Settlement Proposal in which each party describes its proposed terms for a resolution.
6) Name and Position of each Person attending the Mediation

In addition to addressing the above topics, the parties may include other information that may be of assistance to the mediation process.  Further, relevant documents and summaries may be submitted as Exhibits to the Mediation Statement.

      Survival.  The provisions of this Agreement shall remain in effect after the conclusion of the mediation process.

      Please feel free to let me know if there are any questions concerning the above.   I appreciate the opportunity to mediate this matter and look forward to working with you to resolve the dispute.

3

                                     Very truly yours,

                                     Joseph J. Farnan, Jr.

Party:_____   Party:_____

By:_____   By: _____

3

Very truly yours,

Joseph J. Farnan, Jr.

Party:_____        Party:_____

By:_____        By: _____

3