**Exhibit A**

**Objections Chart**

**In re Exide Holdings, Inc., et al.,**
**Summary Chart of Objections to Confirmation of Amended Plan**

| No. | Docket No. | Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|---|---|
| 1 | 850 | Victor M. Koelsch | 1. **Releases**: Mr. Koelsch seeks to preserve direct claims against the current directors and/or officers to the extent that any of those directors or officers were on the Board at the time of Koelsch's termination or at the time of the recharacterization of the termination. Such claims arise from pre-petition actions of the board of directors and/or officers. | 1. Section 10.6 of the Plan does not release direct claims of holders of General Unsecured Claims against the Debtors' officers and directors. The Debtors have included language in the Confirmation Order addressing Mr. Koelsch's objection and believe this objection has been resolved. See Proposed Confirmation Order ¶ 57:<br><br>57. Notwithstanding anything contained in the Plan or this Order to the contrary, neither the Plan nor this Order releases any of the Debtors' current or former directors and officers from direct claims brought by Victor Koelsch or bars such claims in any way, subject to all defenses or counterclaims that the Debtor's officers and directors may have. Any claims brought by Victor Koelsch against the Debtors' current or former directors and officers are independent from, and not included in, the general unsecured claims. |
| 2 | 855 | Golder Associates, Inc. (**"Golder"**) | 1. Golder objects to the Debtors proposed cure amount ($0) as listed on the Assumption Schedule for the Environmental Trust. | 1. This objection is moot. The Debtors' agreement with this counterparty is no longer an agreement designated to be assumed by the Debtors and assigned to the Environmental Trust. |
| 3 | 883 | Adamo Auctions Inc. | 1. Adamo objects to the sale of Exide Holdings, Inc. real estate that was transferred to the Americas Buyer. | 1. This objection should be overruled. The Americas Sale Transaction was approved on August 6, 2020, pursuant to the Americas Sale Order[1], which has become a final order. The |

---

[1] "**Americas Sale Order**" means the *Order (I) Approving the Purchase Agreement Among Debtors and Buyer, (II) Authorizing Sale of Certain Of Debtors Assets Free and Clear Of Liens, Claims, Encumbrances, and Other Interests, (III) Authorizing Assumption and Assignment Of Certain Executory Contracts And Unexpired Leases In Connection Therewith, and (IV) Granting Related Relief* (Docket No. 690).

| No. | Docket No. | Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|---|---|
| | | ("**Adamo**") | | transaction has since closed. All parties were given the opportunity to submit bids on a timely basis. Adamo did not submit a timely bid for the Americas Assets and lacks standing to object now. *See In re Colony Hill Associates*, 111 F.3d 269, 274 (2d Cir. 1997) (a disgruntled bidder that fails to submit a timely bid has no standing to challenge an approved sale). |
| 4 | 854; 916 | American Integrated Services, Inc. ("**AIS**") | 1. AIS objects to the Debtors' proposed amended pre-petition cure amount ($0) (as amended on the Assumption Schedule for the Environmental Trust).<br><br>2. The Plan impermissibly extends the time for Debtors to assume or reject executory contracts that may be assigned to Vernon Environmental Response Trust.<br><br>3. The Plan purports to transfer certain equipment owned by AIS to the Vernon Non-Performing Property.<br><br>4. The Plan provides for impermissible non-consensual third party releases by general unsecured creditors. | 1. This objection is moot. The Debtors' agreement with this counterparty is no longer an agreement designated to be assumed by the Debtors and assigned to the Environmental Trust.<br><br>2. This objection is moot for the reason set forth in the preceding paragraph.<br><br>3. The Debtors are not and legally could not transfer any AIS owned equipment pursuant to the Amended Plan. The Debtors will work with AIS to identify the equipment and arrange for its return.<br><br>4. The Debtors have included language in the Confirmation Order confirming that such releases will not apply to AIS and believe this objection has been resolved. *See* Proposed Confirmation Order ¶ 59:<br><br>59. Notwithstanding anything to the contrary in the Plan or this Confirmation Order, AIS shall not be bound by the releases set forth in Section 10.6 of the Plan, nor shall AIS be bound by any similar or equivalent third party release set forth in this Confirmation Order. In |

WEIL:\97631777\5\44362.0005

| No. | Docket No. | Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|---|---|
| | | | | addition, nothing in Section 10.7 of the Plan or any similar or equivalent provision of this Confirmation Order shall diminish, limit, impair or affect any AIS Administrative Expense Claim under Section 2.1 of the Plan. |
| | | | 5. The Exculpation Provisions appears to eliminate the Debtors' liability for administrative claims by including the Debtors as an Exculpated Party. | 5. The Debtors acknowledge and agree that nothing in the plan constitutes a waiver of any Administrative Expense Claims of AIS, *provided that*, the Debtors reserve all rights to assert any and all defenses or objections in connection with any such alleged Claims. |
| | | | 6. AIS objects that it is an administrative creditor and requests that the Debtors demonstrate that they have the funds to fulfill their administrative expense obligations. | 6. The Debtors respond to this objection in Section I(M) (paras 167-177) and Section II(B) (paras 260-274) of the Confirmation Brief. |
| 5 | 923 | Infor (US), Inc. ("**Infor**") | 1. Infor objects to the third party release, exculpation, and injunction provisions to the extent that they purport to limit Infor's rights against non-Debtors. | 1. The Debtors have included language in the Confirmation Order addressing Infor's objection and Debtors believe this objection has been resolved. *See* Proposed Confirmation Order ¶ 60:<br><br>60. The *License Agreement* dated as of October 20, 2000, between Exide Technologies, LLC, and Infor (US), Inc. ("Infor"), as successor to Future Three, Inc., as amended from time to time, for the AutoRelease AutoScan software (the "Infor Software") shall be deemed rejected as of the date of entry of this Order. Within five (5) days of the date of entry of this Order, the Debtors shall (i) remove all copies of the Infor Software and any portions thereof from assets of the Debtors and cease accessing and using any |

| No. | Docket No. | Objecting Party | Summary of Objection | Debtors' Response |
|---|---|---|---|---|
| | | | | hosted Infor Software; (ii) destroy all copies of the Infor Software contained in the Debtors' assets and related documentation and delete all access codes; and (iii) certify to Infor in writing that the Debtors have complied with the foregoing subparagraphs (i) and (ii). Any claim or motion of Infor seeking payment with respect to the License Agreement or the Infor Software shall be filed within thirty (30) days of the date of entry of this Order. Infor shall be deemed to have opted out of the granting of any releases under section 10.6 of the Plan. Notwithstanding anything to the contrary contained in this Order, in the Plan or in any document filed or prepared in connection therewith, Infor shall retain all rights against all non-Debtors and third parties. |
| | | | 2. Infor requests that the Court order the On-Premise Software Agreement be deemed rejected upon confirmation. | 2. See above |
| | | | 3. Infor objects to any use of or access to the Infor Software by or for the benefit of any third party, including without limitation any purchaser of the Debtors' assets, any liquidating trustee or liquidating trust, or any other successor to the Debtors. | 3. See above |
| | | | 4. Infor objects to any purported transfer or vesting under the Plan of any rights with respect to Infor's copyrighted Software as a violation of Bankruptcy Code section 365 and federal copyright law. | 4. See above. |