# **EXHIBIT 7**



2700 S. Indiana Street
Vernon, CA 90058
323-262-1101 tel
323-262-0642 fax

March 21, 2020

*Via-Email*

Peter Ruttan
Unit Chief, California Department of Toxic Substances Control
Exide-Corrective Action and Data Management Branch
8810 Cal Center Drive
Sacramento, CA  95826

    Re:    Emergency Circumstances/*Force Majeure* Notification to DTSC Regarding Exide Technologies, LLC Vernon, CA Matters

Dear Mr. Ruttan:

    We are writing to CalEPA DTSC ("DTSC") on behalf of Exide Technologies, LLC ("Exide") in reference to that certain February 25, 2002 Corrective Action Consent Order ("2002 CACO") and the November 21, 2014 Stipulation and Order, HWCA No. 2014-0489, as amended ("2014 Order").  Specifically, this is a notification that ongoing closure, corrective action, decommissioning, investigation and reporting activities being undertaken pursuant to the 2002 CACO and the 2014 Order at the former Exide facility at 2700 South Indiana Avenue, Vernon, CA 90058 ("Vernon Facility") are being suspended until further notice, as explained in more detail below.  This letter provides DTSC and the authorities copied below with notice of a *force majeure* event pursuant to paragraph 45 of the 2014 Order and, to the extent applicable, the 2002 CACO and as otherwise allowed by law or equity with regard to all permits, plans and authorizations applicable to the Vernon Facility.

    The primary reasons for this suspension are the COVID-19 pandemic and to comply with the March 19, 2020 "Safer at Home Order for Control of COVID-19" issued by Muntu Davis, Health Officer, County of Los Angeles (the "LA County Order") and/or Executive Order N-33-20 (State of California) issued by Governor Gavin Newsom on March 19, 2020 ("CA Order"). The CA Order (paragraph 1) "order[s] all individuals living in the State of California to stay home or at their place of residence except as needed to maintain continuity of operations of the federal critical infrastructure sectors."  The CA Order thus applies to all workers accessing the Vernon Facility.  Given the CA Order governs statewide, this alone requires suspension of all Vernon Facility activities that require personnel to access the site, or conduct field work, and any activities that stem from, or are dependent upon, such onsite access and field work, at least until

Mr. Peter Ruttan
California Department of Toxic Substances Control
March 21, 2020
Page 2

a determination can be made as to whether there is a need to maintain federal critical infrastructure activities.

The LA County Order (paragraph 1) provides that "all public and private group events and gatherings, as defined below, of 10 or more people are prohibited anywhere within the Los Angeles County Public Health Jurisdiction." For persons in gatherings of 2-9 persons, "held in a confined or enclosed space, and not prohibited by this Order, the organizer or the owner, manager or operation for the venue shall: enforce social distancing measures . . . ." LA County Order, paragraph 2. The Vernon Facility decommissioning activities typically involve more than 10 persons. It is unclear whether fewer persons could continue such work, but Exide is assessing this possibility. If fewer than 10 workers access the site at any time, we would have to ensure that activities be safely conducted in accordance with the LA County Order, which may be difficult given the need for cooperation, supervision, teamwork, and decontamination activities bringing workers in constant proximity to each other, and not just when wearing hazardous materials suits.

Further to the foregoing, we have reviewed the list of "Essential Businesses" in the LA County Order. The shuttered Vernon Facility is not an "Essential Business" under that order. The Vernon Facility activities also do not qualify for an exception under LA County Order paragraph 15, as the facility provides no "governmental or other essential services (those that meet basic human needs)." Finally, the Vernon Facility activities could not be excepted as being necessary to the "essential infrastructure, including but not limited to, public health, public works, . . . .water, sewer, gas electrical, . . ." as detailed in paragraph 15.b. Accordingly, temporary suspension of activities pursuant to the 2002 CACO and the 2014 Order would not result in public denial of an operation essential for ongoing public welfare and safety, such as hospitals, grocery stores, utilities and similar critical life support systems. Rather, the Vernon Facility is the subject of a non-time critical demolition and remedial action project, scheduled to require years to complete.

The Vernon Facility is fenced and secure. There are no uncontrolled releases of hazardous materials, or unsecured or exposed waste materials. Today Exide is reviewing the Vernon Facility to determine whether to undertake any additional security and stabilization measures for the foreseeable future. Among other measures, Exide is implementing a plan to continue inspection of critical site features (e.g., the HAKI cover), electrical supply, ongoing maintenance, and also to conserve the functionality of the onsite industrial waste water treatment system. A skeleton team will carry out such maintenance, surveillance and, if necessary, repair functions to maintain stability. To comply with the LA County Order, such teams will consist of fewer than 10 persons onsite at any given time and also will be subject to ongoing health and safety precautions as detailed in the LA County Order. These measures commence today. We can provide additional information to DTSC in the near future.

Mr. Peter Ruttan
California Department of Toxic Substances Control
March 21, 2020
Page 3

Moreover, this is a fluid situation. Exide will continue to reassess security, safety and legal matters on an ongoing basis and reserves the right to modify the security, stabilization and other efforts, as necessary. Accordingly, we are available to discuss these measures today and to reassess them on at least a weekly basis, if not more frequently if conditions warrant.

The COVID-19 pandemic, the LA County Order and/or the CA Order comprise a *force majeure event* within the meaning of Paragraph 45 of 2014 Order: "An event of force majeure is an event arising from circumstances beyond the control of Exide that delays performance of any obligation under this Stipulation and Order, provided Exide has undertaken all reasonable appropriate planning and preventative measures to avoid any foreseeable circumstances." The COVID-19 pandemic is beyond Exide's reasonable control. The LA County Order and the CA Order likewise were issued without any fault of Exide and both are beyond its control. Finally, paragraph 45 includes "governmental moratorium" as among the force majeure events. The LA County Order and the CA Orders are each a "governmental moratorium" within the meaning of paragraph 45. The grounds for *force majeure* are not exhaustively listed here, but the foregoing circumstances are more than sufficient. Accordingly, an event of *force majeure* exists and excuses, temporarily, Exide's performance under the 2002 CACO, the 2014 Order and all permits, plans and authorizations applicable to the Vernon Facility.

Exide reached out to DTSC at 6:11 pm on March 19, 2020 expressly seeking guidance on Vernon Facility activities. As of the issuance of this letter, DTSC has not provided substantive guidance on its interpretation of the LA County Order and the CA Order. Accordingly, Exide reasonably concludes that DTSC does not take exception to this declaration of *force majeure* as Exide is obligated to comply with both orders. The event of *force majeure* remains in effect for the foreseeable future as it is unknown when the restrictions under both orders will be lifted. While the LA County Order currently has an effective term of March 19, 2020 to April 19, 2020, the CA Order does not have a termination date. Exide cannot control termination of the orders and thus cannot predict an end date to this *force majeure* event.

We remain available to confer with DTSC. As noted, responsive site security and stabilization measures are underway, and will be performed so as to not involve more than 10 persons onsite at any given time. Exide would prefer to resume activities under the 2002 CACO and the 2014 Order, particularly decommissioning/deconstruction work, when it is lawful and safe to do so. To that end, please contact me so we can continue to assess the legal, safety, practical and other considerations as to when activities under the 2002 CACO and the 2014 Order may resume. In sending this notice of *force majeure*, Exide does not waive any rights, entitlements, legal or equitable positions under law or the 2002 CACO or the 2014 Order.

//

//

Mr. Peter Ruttan
California Department of Toxic Substances Control
March 21, 2020
Page 4

  The undersigned is available via email (grace.yeh@exide.com), text or telephone (323-447-0919) to discuss the matters in this letter.

            Sincerely,

            Grace C. Yeh
            Executive Director
            Site Remediation, Closure and Compliance Operations
            Exide Technologies, LLC

cc:  (all via email)

Grant Cope, DTSC
Dan Gamon, DTSC
Su Patel, DTSC
Kevin Shipp, DTSC
Peter Thyberg, DTSC
Matt Wetter, DTSC
John Gasparovic, Exide
Keith Scott, Exide
Jully Sieglaff, Exide
Lacey Chitwood, Exide
Melissa Floyd, Exide
Larry Smith, Sanitation District of Los Angeles County
Flood Permits, Los Angeles County Public Works, Land Development
Angela Shibata, South Coast Air Quality Management District, Supervising AQ Engineer
Fredrick Agyin, Director, City of Vernon Health and Environmental Control Department