# EXHIBIT 14



VIA FEDERAL EXPRESS  TRK# 774371167141

August 26, 2015

Matthew A. Love
Director – Global Environmental Remediation

Exide Technologies
P.O. Box 14294
Reading, PA 19612-4294
610.921.4054 tel
610.921.4062 fax
matt.love@exide.com
www.exide.com

Ms. Jenny Aievoli
Chief, Financial Assurance Unit
California Department of Toxic Substances Control
8800 Cal Center Drive, 3rd Floor
Sacramento, CA 95826-3200

Re: Replacement of Financial Assurance Surety Bond
Exide Technologies
2700 South Indiana Street, Los Angeles, California
CAD097854541

Dear Ms. Aievoli,

Exide Technologies (Exide) currently meets a portion of the financial assurance obligations for the subject facility via Argonaut Insurance Company Surety Bond No. SUR0014560 (Argonaut Bond). Exide requests to replace the Argonaut Bond with the enclosed bond issued by Westchester Fire Insurance Company (Westchester Bond).

Because collateral on the Argonaut Bond will be held until the DTSC accepts the Westchester Bond, anything you can do to expedite review and hopefully approve this request would very much be appreciated.

Please contact me should you have any questions regarding the Westchester Bond or if any additional information is necessary to effectuate this change.

Sincerely,

EXIDE TECHNOLOGIES

Matthew A. Love
Director, Global Environmental Remediation

Enclosure

cc: John Hogarth – Exide (w. encl.)

# FINANCIAL GUARANTEE BOND

| Principal Name: Exide Technologies | | | |
|---|---|---|---|
| Address: 13000 Deerfield Parkway, Building 200 Milton, GA 30004 | | | |
| Type of Organization: ☐ Joint Venture ☐ Individual ☐ Partnership ☒ Corporation | | | State of Incorporation: Delaware |
| Bond Number: K08617818 | Date Executed: 8/24/2015 | Effective Date: 8/24/2015 | Total Penal Sum of Bond: $11,158,854.00 |
| Surety Name: Westchester Fire Insurance Company | | | Total Penal Sum: $11,158,854.00 |
| Surety Business Address: 436 Walnut Street Philadelphia, PA 19106 | | | |

## HAZARDOUS WASTE FACILITY(IES)/TTU(S) COVERED
(Enter closure amounts separately. All amounts must total penal amounts)

If additional space is needed, add attachment.

| Name of Facility/TTU | Address of Facility/TTU | Hazardous Waste Facility/TTU ID Number | Closure Amount | Post Closure Amount |
|---|---|---|---|---|
| Exide Technologies | 2700 South Indiana Street Los Angeles, CA 90023 | CAD 097 854 541 | $7,995,910.00 | $3,162,944.00 |
| | | | Total $7,995,910.00 | Total $3,162,944.00 |

    KNOW ALL PERSONS BY THESE PRESENTS, THAT WE, the Principal and Surety(ies) hereto are firmly bound to the Department of Toxic Substances Control, of the State of California (hereinafter called DTSC) in the above penal sum for the payment of which we bind ourselves, our heirs, executors, administrators, successors, and assigns jointly and severally; provided that, where the Surety(ies) are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" only for the purpose of allowing a joint action or actions against any or all of us, and for all other purposes each Surety binds itself, jointly and severally with the Principal, for the payment of such sum only as is set forth opposite the name of such Surety, but if no limit of liability is indicated, the limit of liability shall be the full amount of the penal sum.

    WHEREAS said Principal is required, under state regulations, to have a permit or interim status in order to own or operate each hazardous waste management facility/TTU identified above, and

    WHEREAS said Principal is required to provide financial assurance for closure, or closure and postclosure care, as a condition of the permit or interim status, and

    WHEREAS said Principal shall establish a standby trust fund as is required when a surety bond is used to provide such financial assurance;

    NOW, THEREFORE, the conditions of the obligation are such that if the Principal shall faithfully, before the beginning of final closure of each facility/TTU identified above, fund the standby trust fund in the amount(s) identified above for the facility/TTU,

    OR, if the Principal shall fund the standby trust fund in such amount(s) within 15 days after a final order to begin closure is issued by DTSC or a U. S. District Court or other court of competent jurisdiction,

OR, if the Principal shall provide alternate financial assurance, as specified in California Code of Regulations, title 22, division 4.5, chapter 14 and 15, article 8, as applicable, and obtain written approval from DTSC of such assurance, within 90 days after the date notice of cancellation is received by both the Principal and the Director of DTSC, or designee, from the Surety(ies), then this obligation shall be null and void, otherwise it is to remain in full force and effect.

The Surety(ies) shall become liable on this bond obligation only when the Principal has failed to fulfill the conditions described above. Upon notification by DTSC that the Principal has failed to perform as guaranteed by this bond, the Surety(ies) shall place funds in the amount guaranteed for the facility(ies)/TTU(s) into the standby trust fund as directed by DTSC.

The liability of the Surety(ies) shall not be discharged by any payment of or succession of payments hereunder, unless and until such payment or payments shall amount in the aggregate to the penal sum of the bond, but in no event shall the obligation of the Surety(ies) hereunder exceed the amount of said penal sum.

The Surety(ies) may cancel the bond by sending notice of cancellation by certified mail to the Principal and to DTSC, provided, however, that cancellation shall not occur during the 120 days beginning on the date of receipt of the notice of cancellation by both the Principal and DTSC, as evidenced by the return receipts.

The Principal may terminate this bond by sending written notice to the Surety(ies), provided, however, that no such notice shall become effective until the Surety(ies) receive(s) written authorization for termination of the bond from DTSC.

In the event this bond is used in combination with another mechanism, this policy shall be considered primary coverage.

~~Principal and Surety(ies) hereby agree to adjust the penal sum of the bond yearly so that it guarantees a new closure and/or postclosure amount, provided that the penal sum does not increase by more than 20 percent in any one year, and no decrease in the penal sum takes place without the written permission of DTSC.~~

*[The preceding paragraph is an optional rider. Please line out if not included.]*

IN WITNESS WHEREOF, the Principal and Surety(ies) have executed this Financial Guarantee Bond and have affixed their seals on the date set forth above.

The persons whose signatures appear below hereby certify that they are authorized to execute this surety bond on behalf of the Principal and Surety(ies), that the wording of this surety bond is identical to the wording specified in California Code of Regulations, title 22, section 66264.151, subsection (b), and is being executed in accordance with the requirements of California Code of Regulations, title 22, division 4.5, chapter 14 and 15, article 8.

| Principal Name: Exide Technologies | Corporate Surety Name: Westchester Fire Insurance Company | |
|---|---|---|
| Address: 13000 Deerfield Parkway, Building 200 Milton, GA 30004 | Address: 436 Walnut Street Philadelphia, PA 19106 | |
| State of incorporation: Delaware | State of incorporation: Pennsylvania | |
| Principal Signature: *[signature]* | Signature: *[signature]* | Title: Attorney-in-Fact |
| Typed or Printed Name of Person Signing: Nicholas J. Iuanow | Typed or Printed Name of Person Signing: Frank Kinnett (CA License # 0E97688) | |
| Title: Senior Vice President – Corporate Development and Treasurer | Bond Premium: $390,560.00 | Liability Limit: $11,158,854.00 |
| Corporate Seal: *[seal]* | Corporate Seal: *[seal]* | |

*[For every co-surety, provide signature(s), corporate seal, and other information in the same manner as for the Surety above.]*

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

State of  Georgia

County of  Fulton

On  August 24, 2015  before me,  Renae Suzanne Parent, Notary Public
        Date                                                                       Name and Title of Notary

personally appeared  Frank Kinnett
                                                    Name and or Names of Signer(s)

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

Signature  *Renae Suzanne Parent*
                  Notary Public Signature
Renae Suzanne Parent, Notary Public

Place Notary Public Seal Above

## OPTIONAL

*Though the information below is not required by law, it may prove valuable to the persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

## Description of Attached Document

Title or Type of Document _____

Document Date _____  Number of Pages: _____

Signer's Name: _____

☐ Individual
☐ Corporate Officer – Title(s):_____
☐ Partner - ☐ Limited ☐ General
☐ Guardian or Conservator
☒ Attorney-in-Fact
☐ Trustee
☐ Other: _____
   Signer is representing _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb

☐ Individual
☐ Corporate Officer – Title(s):_____
☐ Partner - ☐ Limited ☐ General
☐ Guardian or Conservator
☐ Attorney-in-Fact
☐ Trustee
☐ Other: _____
   Signer is representing _____

**RIGHT THUMBPRINT OF SIGNER**
Top of thumb

# Power of Attorney

## WESTCHESTER FIRE INSURANCE COMPANY

**Know all men by these presents:** That **WESTCHESTER FIRE INSURANCE COMPANY**, a corporation of the Commonwealth of Pennsylvania pursuant to the following Resolution, adopted by the Board of Directors of the said Company on December 11, 2006, to wit:

"RESOLVED, that the following authorizations relate to the execution, for and on behalf of the Company, of bonds, undertakings, recognizances, contracts and other written commitments of the Company entered into the ordinary course of business (each a "Written Commitment"):

(1) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise.

(2) Each duly appointed attorney-in-fact of the Company is hereby authorized to execute any Written Commitment for and on behalf of the Company, under the seal of the Company or otherwise, to the extent that such action is authorized by the grant of powers provided for in such person's written appointment as such attorney-in-fact.

(3) Each of the Chairman, the President and the Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to appoint in writing any person the attorney-in-fact of the Company with full power and authority to execute, for and on behalf of the Company, under the seal of the Company or otherwise, such Written Commitments of the Company as may be specified in such written appointment, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(4) Each of the Chairman, the President and Vice Presidents of the Company is hereby authorized, for and on behalf of the Company, to delegate in writing any other officer of the Company the authority to execute, for and on behalf of the Company, under the Company's seal or otherwise, such Written Commitments of the Company as are specified in such written delegation, which specification may be by general type or class of Written Commitments or by specification of one or more particular Written Commitments.

(5) The signature of any officer or other person executing any Written Commitment or appointment or delegation pursuant to this Resolution, and the seal of the Company, may be affixed by facsimile on such Written Commitment or written appointment or delegation.

FURTHER RESOLVED, that the foregoing Resolution shall not be deemed to be an exclusive statement of the powers and authority of officers, employees and other persons to act for and on behalf of the Company, and such Resolution shall not limit or otherwise affect the exercise of any such power or authority otherwise validly granted or vested."

Does hereby nominate, constitute and appoint Frank Kinnett, John E Genet, all of the City of ATLANTA, Georgia, each individually if there be more than one named, its true and lawful attorney-in-fact, to make, execute, seal and deliver on its behalf, and as its act and deed any and all bonds, undertakings, recognizances, contracts and other writings in the nature thereof in penalties not exceeding Fifty million dollars & zero cents ($50,000,000.00) and the execution of such writings in pursuance of these presents shall be as binding upon said Company, as fully and amply as if they had been duly executed and acknowledged by the regularly elected officers of the Company at its principal office.

IN WITNESS WHEREOF, the said Stephen M. Haney, Vice-President, has hereunto subscribed his name and affixed the Corporate seal of the said **WESTCHESTER FIRE INSURANCE COMPANY** this 11 day of August 2015.

WESTCHESTER FIRE INSURANCE COMPANY

_Stephen M. Haney, Vice President_

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF PHILADELPHIA      ss.

On this 11 day of August, AD. 2015 before me, a Notary Public of the Commonwealth of Pennsylvania in and for the County of Philadelphia came Stephen M. Haney, Vice-President of the **WESTCHESTER FIRE INSURANCE COMPANY** to me personally known to be the individual and officer who executed the preceding instrument, and he acknowledged that he executed the same, and that the seal affixed to the preceding instrument is the corporate seal of said Company; that the said corporate seal and his signature were duly affixed by the authority and direction of the said corporation, and that Resolution, adopted by the Board of Directors of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at the City of Philadelphia the day and year first above written.

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
KAREN E. BRANDT, Notary Public
City of Philadelphia, Phila. County
My Commission Expires Sept. 25, 2018

_Karen E. Brandt, Notary Public_

I, the undersigned Assistant Secretary of the **WESTCHESTER FIRE INSURANCE COMPANY**, do hereby certify that the original POWER OF ATTORNEY, of which the foregoing is a substantially true and correct copy, is in full force and effect.

In witness whereof, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of the Corporation, this 24th day of August, 2015

_William L. Kelly, Assistant Secretary_

THIS POWER OF ATTORNEY MAY NOT BE USED TO EXECUTE ANY BOND WITH AN INCEPTION DATE AFTER August 11, 2017.

DocuGard #04546 contains a security pantograph, blue background, heat-sensitive ink, coin-reactive watermark, and microtext printing on border.