## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>EXIDE HOLDINGS INC., *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 20-11157 (CSS)<br><br>(Jointly Administered)<br><br>**Re: D.I. 916, 936, 939, 977**<br><br>**Hearing Date: October 15, 2020 at 11:00 a.m.** |

### OBJECTION OF AMERICAN INTEGRATED SERVICES, INC. TO REJECTION OF CONTRACT

In addition to its objections set forth in DI.916 and 936, which are fully preserved and incorporated herein, American Integrated Services, Inc. (the "Company"), by and through the undersigned counsel, objects to the Debtor's 11th hour rejection of its contract with the Company.

### OBJECTION

Under its Contract with the Debtor, the Company maintains and monitors the Full Enclosure Unit or FEU on the Vernon NPP site 24 hours a day, 7 days a week. The testimony at the Confirmation Hearing will be uncontested that the FEU, both prior to and throughout this case, have protected the surrounding communities from dangerous lead dust at the Vernon site. The Company is obligated to and will provide services including the FEU up to the Effective Date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

1

ACTIVE.125248810.01

However, at the eleventh hour, the Debtor at docket no. 939 indicated that the Contract was not going to be assumed.

If rejection is approved, and the Effective Date occurs, the Company's obligations are concluded. The FEU goes away, and there is no barrier between the dangerous lead dust at the Vernon site and the surrounding community. And there is no backup plan, no other FEU.

Courts have held in somewhat different circumstances that the Court should carefully scrutinize the impact upon the public interest of approving a rejection of a contract. *Mirant Corp. v. Potomac Electric Power Co.*, 378 F. 3d 511 (5th Cir. 2004); see also *FERC v. FirstEnergy Solutions Corp. (In re FirstEnergy Solutions Corp.*), 945 F.3d 431 (6th Cir. 2019). However, the United States Supreme Court has been clear in the environmental context that the Court should not permit actions where an identified hazard exists. National Bank v. New Jersey Department of Environmental Protection, 474 U.S. 494 (1986). Permitting rejection of the Company's Contract under these circumstances would be contrary to the public interest and should not be approved.

## **RESERVATION OF RIGHTS**

The Company expressly reserves all rights, claims, defenses, and remedies, including, without limitation, to supplement and amend this Objection, to raise further and other objections to the Plan and any proposed Confirmation Order, and to introduce evidence prior to or at any hearing regarding the Plan in the event that the Company's objections are not resolved prior to such hearing.

**CONCLUSION**

For all of the foregoing reasons, the Company respectfully requests that the Court deny the confirmation of the Plan.

Dated: October 12, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Brett D. Fallon*
Brett D. Fallon (DE Bar No. 2480)
222 Delaware Avenue, Suite 1410
Wilmington, DE 19801
Telephone: (302) 467-4224
Facsimile: (302) 467-4201
brett.fallon@faegredrinker.com

*Attorneys for American Integrated Services, Inc.*

ACTIVE.125248810.01