**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**



| | | |
|---|---|---|
| **CHRISTOPHER S. SONTCHI**<br>**CHIEF JUDGE** | | **824 N. MARKET STREET**<br>**WILMINGTON, DELAWARE**<br>**(302) 252-2888** |

October 19, 2020

**VIA CM/ECF**
To: All Counsel of Record

    Re: <u>Exide Holdings, Inc., *et al.*, Case No. 20-11157 (CSS)</u>

Dear Counsel,

    Pursuant to D.Del. L.R. 8003-2, I am writing to clarify and to supplement my bench ruling of October 16, confirming the Debtors' Fourth Amended Plan and authorizing the protentional abandonment of the Vernon, California site. Due to the exigent nature of the issues before the Court my ruling was incomplete. In addition, after two very full days of testimony and argument I was very tired, and my ruling was too glib. I deeply regret this and the false impression my ruling may have given as to my appreciation of the issues before me.

    I am aware of Exide's legal and moral responsibility to remediate the environmental damage it caused. I am also aware that the health and safety of the community has been harmed by Exide's pollution and that there is a very real risk of harm in the future. The issue before the Court was not whether Exide should pay its debt nor whether the Vernon site and the other environmental sites throughout the country are dangerous to the public.

    Exide should pay its debts, but it cannot. There is simply no available money to do so. Under the governing law, any money available is subject to senior, secured liens that are superior to Exide's environmental obligations. I lack the power to override that law. Nonetheless, the secured lenders are voluntarily contributing a portion of their collateral to the Debtors' administrative and unsecured creditors in exchange for a release. It is perhaps a drop of water in the sea, but it is all that is available. This means that the cost of remediating the site will fall on the State of California and, ultimately, its taxpayers. That is neither fair nor avoidable. Governments exist to serve and to protect their citizens. Governments are not free – they rely on taxes. While every effort should be made to have polluters pay to clean up their pollution, if that is not possible it must fall to the government to do so. Abandonment is the only realistic outcome that is consistent with the law.

October 19, 2020
Page Two

      In addition, there is no question that the Vernon site is dangerous and exposure to lead is highly dangerous. The issue is not whether the lead at Vernon is dangerous – it is. The question is whether abandonment of the site presents an imminent danger – it does not. The evidence overwhelmingly established that the site is constantly monitored, and the dangerous polluted areas are contained. The evidence also established that the contractors currently in place are ready, willing, and able to continue their work, provided they are paid. That payment must come from California. The Court ordered that the abandonment would occur, if at all, on October 30, 2020. This leave California ample time to arrange for the orderly transfer of responsibility over the site.

      Finally, it is important to note that the Vernon site is not the Debtors' only environmental site. There are sites in 9 other states and the state and federal agencies responsible for those sites support the settlement contained in the 4th Amended Plan as the best, realistic alternative.

      The Court reiterates its ruling of October 16 and offers this letter as a clarification and supplement to that ruling.

      Very truly yours,

      Christopher S. Sontchi
      Chief United States Bankruptcy Judge

CSS/cas