# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re | : | Chapter 11 |
| EXIDE HOLDINGS, INC., *et al.*, | : | Case No. 20–11157 (CSS) |
| Debtors.[1] | : | (Jointly Administered) |
| | : | Hearing Date: January 14, 2021 at 10:00 a.m. (ET) |
| | : | Obj. Deadline: January 3, 2021 at 4:00 p.m. (ET) |

## PLAN ADMINISTRATOR AND GUC TRUSTEE'S JOINT MOTION FOR AN ORDER FURTHER EXTENDING THE CLAIMS OBJECTION BAR DATE

The Plan Administrator[2] for the wind-down estates of Exide Holdings, Inc. and its debtor affiliates (collectively, the "Wind-Down Estates"), and the GUC Trustee in the above-captioned cases (the "Chapter 11 Cases") by and through their undersigned counsel, hereby submit the *Plan Administrator and GUC Trustee's Joint Motion for an Order Further Extending the Claims Objection Bar Date* (the "Motion"). In support of the Motion, the Plan Administrator and the GUC Trustee state as follows:[3]

### JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are Exide Holdings, Inc. (5504), Exide Technologies, LLC (2730), Exide Delaware LLC (9341), Dixie Metals Company (0199), and Refined Metals Corporation (9311). The Debtors' mailing address is 13000 Deerfield Parkway, Building 200, Milton, Georgia 30004.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the *Fourth Amended Joint Chapter 11 Plan of Exide Holdings, Inc. and Its Affiliated Debtors* [Docket No. 977] (the "Plan").

[3] A detailed description of the Debtors and their business and the facts and circumstances supporting the Debtors' chapter 11 cases, are set forth in greater detail in the *Declaration of Roy Messing in Support of Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration").

{1320.001-W0065357.3}

*Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Plan Administrator and GUC Trustee confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3. On May 19, 2020 (the "Commencement Date"), Exide Holdings, Inc. and its debtor affiliates (collectively, the "Debtors") each commenced a voluntary case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

4. On October 16, 2020, the Court entered the *Order Confirming Fourth Amended Joint Chapter 11 Plan of Exide Holdings, Inc. and Its Affiliated Debtors* [Docket No. 998] (the "Confirmation Order"), which confirmed the Plan. The Plan became effective on October 26, 2020 (the "Effective Date") and created the Wind-Down Estates.

5. Since the occurrence of the Effective Date, the Plan Administrator and GUC Trustee, through their professionals, have continued to review, analyze, and resolve claims on an ongoing basis as part of the claims reconciliation process. Such process has included (i) preparing and pursuing objections to claims asserted against the Debtors and (ii), if appropriate, negotiating with purported claimants.

2

6.     The Plan Administrator is the authorized representative of the Wind-Down Estates and, among other things, has the right to reconcile and file objections to claims asserted against a Debtor in these cases, except for General Unsecured Claims and Environmental NPP Claims asserted against the GUC Trust. *See* Plan at § 5.8(b)(i). The GUC Trustee has the power and authority to prosecute and resolve objections to General Unsecured Claims and Environmental NPP Claims. *See* Plan at § 5.4(e). The Plan provides that the Claims Objection Bar Date may be extended for cause. *See* Plan at § 7.1.

7.     Pursuant to the Plan and the Confirmation Order, the initial deadline to object to any Claims asserted against the Debtors was April 26, 2021. *See* Plan at § 7.1. On April 26, 2021, the Plan Administrator and GUC Trustee filed the *Plan Administrator and GUC Trustee's Joint Motion for an Order Extending the Claims Objection Bar Date* [D.I. 1300]. On May 12, 2021, the Court entered the *Order Granting Plan Administrator and GUC Trustee's Joint Motion for an Order Extending the Claims Objection Bar Date* [D.I. 1311], which extended the claims objection bar date to August 24, 2021. On August 26, 2021, the Court entered the *Order Granting Plan Administrator and GUC Trustee's Joint Motion for an Order Further Extending the Claims Objection Bar Date* [D.I. 1734], which extended the claims objection bar date (the "Claims Objection Bar Date") to December 22, 2021.

8.     Since the Effective Date, the Plan Administrator and GUC Trustee have been diligently reviewing and analyzing Claims and have made significant progress. As of the date of this Motion, however, the Plan Administrator and GUC Trustee have not fully resolved all asserted claims. In accordance with Section 7.1 of the Plan, the Plan Administrator and GUC Trustee seek an Order of this Court extending the Claims Objection Bar Date by one hundred twenty (120) days to April 21, 2022.

## RELIEF REQUESTED

9. By this Motion, the Plan Administrator and GUC Trustee request the entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Form of Order"), extending the Claims Objection Bar Date by one hundred twenty (120) days to April 21, 2022.[4]

10. Such an extension of the Claims Objection Bar Date is without prejudice to the rights of the Plan Administrator, GUC Trustee or any successor-in-interest to seek further extensions thereof.

## BASIS FOR RELIEF

11. Approximately 1,100 Claims have been asserted against the Debtors. Approximately 390 Claims out of the 1,108 Claims are the responsibility of the Plan Administrator (Secured Claims, Administrative Expense Claims, Priority Non-Tax Claims, or Priority Tax Claims), with the remainder of the Claims being the responsibility of the GUC Trustee. To date, the Plan Administrator has resolved approximately 95% of its Claims, either by payment, objection, stipulation, or withdrawal, with a portion thereof having required significant time and effort to research and negotiate. The GUC Trustee has resolved approximately 90% of its Claims. The Plan Administrator, GUC Trustee and their professionals are diligently reviewing and analyzing all Claims that remain outstanding to determine whether there are appropriate grounds for the Plan Administrator and/or the GUC Trustee to object thereto. Although the Plan Administrator and GUC Trustee have made significant progress in reviewing and reconciling such Claims, they have not yet resolved certain asserted and disputed

---

[4] Pursuant to Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware, the filing of this Motion prior to the expiration of the current Claims Objection Bar Date automatically extends such deadline until such time as the Court rules on this Motion.

{1320.001-W0065357.3}

Claims.

12. Pursuant to the Plan and the Confirmation Order, a Claim is deemed Allowed if no objection to such Claim has been filed as of the date of the Claims Objection Bar Date. *See* Plan at § 1(A)(1.10). As a consequence, if the Claims Objection Bar Date is not extended, the Plan Administrator and GUC Trustee may be required to make distributions on account of Claims that should not be Allowed. Any distribution on account of such Claims would not be in the best interests of the Wind-Down Estates.

13. Approximately fourteen (14) months have passed since the Effective Date. The Plan Administrator and GUC Trustee submit that an extension of one hundred twenty (120) days, while they continue to diligently review and analyze alleged Claims, is warranted and appropriate under the circumstances and that alleged holders of Claims will not be unduly burdened by such an extension.

14. For the foregoing reasons, the Plan Administrator and GUC Trustee submit that the Claims Objection Bar Date should be extended by one hundred twenty (120) days to April 21, 2022. The Plan Administrator and GUC Trustee reserve the right to seek further extensions of the Claims Objection Bar Date as necessary.

## **NOTICE AND NO PRIOR REQUEST**

15. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the United States Trustee for the District of Delaware (Attn: Linda J. Casey, Esq.); (b) all parties who have filed a Claim that remains outstanding as of the date hereof; and (c) any party requesting notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Plan Administrator and GUC Trustee submit that no other or further notice need be given.

16. No prior motion for the relief requested herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, for the reasons set forth herein, the Plan Administrator and GUC Trustee respectfully request that the Court enter the Proposed Order granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: December 16, 2021
      Wilmington, Delaware

/s/ *Nicolas E. Jenner*
LANDIS RATH & COBB LLP
Richard S. Cobb (No. 3157)
Kimberly A. Brown (No. 5138)
Matthew R. Pierce (No. 5946)
Nicolas E. Jenner (No. 6554)
919 Market Street, Suite 1800
Wilmington, Delaware 19899
Telephone: (302) 476-4400
Email: cobb@lrclaw.com
      brown@lrclaw.com
      pierce@lrclaw.com
      jenner@lrclaw.com

-and-

RICHARDS, LAYTON & FINGER, P.A.
Daniel J. DeFranceschi (No. 2732)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 N. King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701
Email: defranceschi@rlf.com
      shapiro@rlf.com

-and-

WEIL, GOTSHAL & MANGES LLP
Ray C. Schrock, P.C. (admitted *pro hac vice*)
Sunny Singh (admitted *pro hac vice*)
767 Fifth Avenue
New York, New York 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Email: ray.schrock@weil.com
 sunny.singh@weil.com

*Attorneys for Wind-Down Estates*

*/s/ Christopher M. Samis*
Christopher M. Samis (No. 4909)
L. Katherine Good (No. 5101)
Aaron H. Stulman (No. 5807)
POTTER ANDERSON & CORROON LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
E-mail: csamis@potteranderson.com
 kgood@potteranderson.com
 astulman@potteranderson.com
-and-

Kenneth A. Rosen, Esq.
Robert M. Hirsh, Esq.
Eric S. Chafetz, Esq.
LOWENSTEIN SANDLER LLP
1251 Avenue of the Americas
New York, New York, 10020
Telephone: (212) 262-6700
E-mail: krosen@lowenstein.com
 rhirsh@lowenstein.com
 echafetz@lowenstein.com

*Attorneys for the GUC Trustee*